## Case No. 10,236.

### NICHOLLS v. WRIGHT.

[4 Cranch, C. C. 700.] [1]

Circuit Court, District of Columbia. March Term, 1836.

USURY — COMMISSION ON DRAFT DISCOUNTED — COMPETENCY OF WITNESS—DRAWER AGAINST ACCEPTOR.

1. It is usury to take 2½ per cent. commission, besides the usual bank discount, on a draft at 45 days to renew a like draft which had been discounted by the plaintiff at the same rate, and which had been drawn to raise money upon, and had become payable to the plaintiff.

2. The drawer of an inland bill of exchange is not a competent witness in an action against the acceptor, to prove that it was given for an usurious consideration.

Assumpsit [by W. S. Nicholls] against [Thomas C. Wright] the acceptor of a draft for $200, dated January 11, 1834, payable 45 days after date, drawn by Richard Wright, payable to his own order, and by him endorsed in blank. Defence, usury.

Mr. Redin, for defendant, offered to examine Richard Wright, the drawer and endorser of the draft, to prove the usury; and cited Gaither v. Lee [Case No. 5,182], in this court, at June term, 1820.

Key & Dunlop, for plaintiff, objected that a party to an instrument cannot be a witness to invalidate it. The supreme court of the United States in Bank of U. S. v. Dunn, 6 Pet. [31 U. S.] 51, overruled the doctrine of Jordaine v. Lashbooke, 7 Term R. 601, and set up that of Walton v. Shelley, 1 Term R. 296.

THE COURT (THRUSTON, Circuit Judge, absent) rejected the witness, upon the authority of Bank of U. S. v. Dunn.

The evidence was, that this draft was given to take up a like draft at 60 days, which had been drawn and endorsed by the said Richard Wright, and accepted by the defendant to raise money upon, and which the plaintiff had discounted, by retaining the usual bank discount for 64 days, and a commission of 2½ per cent., and paying to R. Wright $192.87. When that draft became payable, the plaintiff agreed to discount this new draft at 45 days, upon the same terms, namely, the usual bank discount, and a commission of 2½ per cent., and refused to allow more favorable terms; the drawer agreed to them, and it was accordingly discounted by the plaintiff on those terms.

THE COURT (THRUSTON, Circuit Judge, absent) on the prayer of the defendant's counsel, instructed the jury, in effect, that if they found the facts to be so, the transaction was usurious, and the plaintiff could not recover thereupon.

Verdict for the defendant.

[1] [Reported by Hon. William Cranch, Chief Judge.]

## Case No. 10,237.

### In re NICHOLS.

[See 1 Fed. 842.]

NICHOLS (BAILEY v.). See Case No. 741.

## Case No. 10,238.

### NICHOLS v. BRUNSWICK.

[3 Cliff. 81.] [1]

Circuit Court, D. Maine. Sept. Term, 1867.

MUNICIPAL CORPORATIONS—STREETS OUT OF REPAIR—INJURY TO TRAVELLER—CONTRIBUTORY NEGLIGENCE—MEASURE OF DAMAGES.

1. The surface of a travelled street or highway, about two rods wide, in a village, was in all respects in good condition, and had been repaired from time to time by the town authorities. At a certain point by the side of the road was a cellar, about four feet deep, the line of the wall of which extended within the line of the street. No building had existed over the cellar for a period of about eight years, nor had the town, for about that period of time, erected or maintained any guard or railing against the excavation. Held, that this was not, under the statute of Maine, such a condition of repair as to be safe and convenient for travellers with teams, horses, and carriages.

2. An accident occurred at this point under the following circumstances: A person driving one horse in a chaise stopped near the cellar, and turned the animal to one side, in order to admit some one into the carriage. The driver then attempted to turn the horse sufficiently to bring him into the road, but the horse came back too far and began to back; he then slapped the animal with the reins to start him forward, and the horse stopped, but the rear wheels were then passing over the cellar-wall, and the plaintiff, in attempting to jump out was caught by the fender, and together with horse and vehicle fell into the cellar. Held, that these facts were not sufficient to establish the defence of want of the exercise of ordinary care on the part of the person injured.

3. Under these circumstances, plaintiff was entitled to recover damages against the town for the injuries received in consequence of a defective highway. As to the amount, the plaintiff is to recover a just compensation for his injuries, which are to be estimated by an examination of all the facts of the accident, and of the plaintiff's condition in consequence thereof.

[Cited in Merrill v. Portland, Case No. 9,470.]

4. Mere opinions of physicians that ill health, subsequent to the injury, was occasioned by it, must be received with caution, and weighed in view of all the circumstances surrounding the case.

Trespass on the case [by Arthur B. Nichols] to recover damages on account of an injury received as alleged, through a defect in a highway, which the corporation defendants were bound by law to keep in repair. The injury was received on Pearl street, nearly opposite the dwelling-house of one Edward White, who lived on the northerly side of the street. The alleged defect consisted of a cellar nearly opposite White's dwelling-house. There was no fence or railing against the

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]